IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN DE VAN DANIEL,

    Plaintiff,                           No. 2:08-cv-0682 WBS JFM PS

    vs.

B. PADILLA, et al.,

    Defendants.                      ORDER

_____/

        Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances.[1] Plaintiff's request for the appointment of counsel will therefore be denied.

---

[1] Although plaintiff filed documents suggesting he suffers from a mental illness, he has not demonstrated he is unable to articulate his claims pro se. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.1997) (concluding that where the "[a]ppellant [has not] show[n] that because of the complexity of the claims he was unable to articulate his positions[,]" the district court does not abuse its discretion in denying the request for appointment of counsel). Here, plaintiff presses claims of excessive force which will ultimately turn on his testimony and the testimony of defendants.

1

1   Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the
2   appointment of counsel is denied.  (Docket No. 13.)
3   DATED:  September 8, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001; vandaniel.31