IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN DE VAN DANIEL,

    Plaintiff,                     No. 2:08-cv-0682 WBS JFM PS

    vs.

B. PADILLA, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.

        On June 24, 2009, plaintiff filed objections re mental health issues. Plaintiff is advised that it does not appear at this time that defendants are disputing that plaintiff suffers from a mental illness. See Answer, at 4 (Tenth Affirmative Defense). Moreover, plaintiff has filed numerous documents supporting his position that he suffers from mental illness. Accordingly, no further inquiry into plaintiff's mental illness is required at this time.

        The court has been informed that plaintiff has been frequently calling the court clerk's office to inquire as to the status of his case and "usually loses his temper." Plaintiff is advised that the court will notify him as soon as any action is taken in this case. Due to the large number of civil actions pending before the court, the clerk is unable to respond in writing to individual inquiries regarding the status of a case. As long as the court is apprised of a party's

1  current address, that party will receive all court decisions which might affect the status of that
2  party's case.  It is also inappropriate to frequently call the clerk's office to inquire about the
3  status of a case.
4         Plaintiff is cautioned that the court has the power to control its docket and the
5  cases pending before it.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir.), <u>cert</u>. <u>denied</u>, 506
6  U.S. 915 (1992)  A litigant proceeding in forma pauperis may suffer restricted access to the court
7  where it is determined that he or she is overusing or abusing court resources in the pursuit of
8  frivolous or nonfrivolous actions.  <u>DeLong v. Hennessey</u>, 912 F.2d 1144 (9th Cir. 1990); <u>see</u> <u>also</u>
9  <u>Tripati v. Beaman</u>, 878 F.2d 351, 352 (10th Cir. 1989).  This would include harassing phone
10 calls.
11        At the present time, this action is proceeding on the April 17, 2009 scheduling
12 order and there are no motions currently pending.
13        Therefore, IT IS HEREBY ORDERED that plaintiff's June 24, 2009 filings will
14 be retained in the file.  Plaintiff is admonished to refrain from calling the court clerk to inquire
15 about the status of his action.
16 DATED:  September 1, 2009.

                                   _____
                                   UNITED STATES MAGISTRATE JUDGE

20 /001;vandan0682.inf